```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    STATESVILLE DIVISION
                      5:06CV119-MU-02
```

```
TAURICE M. CRISP,              )
     Plaintiff,                )
                               )
     v.                        )     ORDER
                               )
(FNU) BEAL, Correctional Of-   )
  ficer at the Alexander       )
  Correctional Institution;    )
  and                          )
STEPHEN LOTT, Orderly Inmate   )
  housed at the Alexander      )
  Correctional Institution,    )
     Defendants.               )
_____)
```

**THIS MATTER** comes before the Court for an initial frivolity review of the plaintiff's civil rights Complaint, brought under 42 U.S.C. §1983, filed September 6, 2006.

At the outset, the Court notes that the plaintiff now has had at least four other of his numerous Complaints dismissed as frivolous, or for his failure to state a claim upon which relief could be granted. For instance, on March 15, 2006, the undersigned dismissed a civil rights action filed by the plaintiff against "All Defendants Formally Against By Plaintiff Taurice M. Crisp In Any Court In The United States," finding that his pursuit of "501 billion dollars for the extrematies[sic] done unto [him] by this Nation and its people" was nonsensical and

frivolous (see 5:06CV36-MU-02).

Moreover, as previously was recounted in one of this Court's earlier Orders, on July 25, 2001, this Court dismissed the plaintiff's civil rights suit against "The Gideons" on the ground that such action had failed to state a claim upon which relief could be granted. (See 3:01cv421). On October 1, 2004, the U.S. District Court for the Eastern District of North Carolina dismissed the plaintiff's civil rights action against the North Carolina Department of Corrections on the ground that such action was frivolous. (See 5:04CT88-BO). And, on March 11, 2002, the District Court for the Eastern District of North Carolina also dismissed the plaintiff's civil rights Complaint against U.S. Magistrate Judge Alexander B. Denson on the ground that such action was frivolous. (See 5:01-CT-899-H).

In addition to the foregoing, this Court's research reflects that over the preceding years, the U.S. District Court for the Middle District of North Carolina has dismissed (without prejudice) at least six of the plaintiff's civil rights Complaints--albeit not for frivolity, but for his failure to comply with certain of the procedural rules of that Court. While the Court is well aware that the Middle District's dismissals cannot be included in the plaintiff's so-called "three-strikes" calculations, the undersigned points to those matters simply to demonstrate that the plaintiff has a long history of filing lawsuits in federal court.

Concerning the instant Complaint, it appears that the plaintiff again has returned to this Court with frivolous, nonsensical allegations.  That is, in this action, the plaintiff sets forth a series of bizarre allegations, namely that the defendants broke into his cell; the defendants stole certain of his paper writings and manuscripts; the defendants "sold them around the world uncopyrighted [sic]. . . "; his life is in danger because defendant Beal "threatened to kill [him] if [he] did not produce some money for her if she should publish [his] books or win all the lawsuits [he's] filed about mail fraud and mental health"; and the defendants have gone "behind [him] and filed lawsuits in [his] name without [his] social security number to win lawsuits . . . ."

By way of relief for the forgoing purported 14th Amendment violations, the plaintiff seeks "a pardon," presumably on the conviction for which he currently is incarcerated.  The plaintiff also requests "the copyrights" to the manuscripts which allegedly were stolen.  Last, but certainly not least, the plaintiff seeks "5.5 million dollars or all proceeds that were earned off [his] personal property."  Obviously, however, the plaintiff is not entitled to any relief on the foregoing allegations.

Rather, as the plaintiff previously has been advised, the Prisoner Litigation Reform Act of 1996 (the "PLRA" hereafter) makes it clear that a prisoner may not bring a civil action or proceeding "if such prisoner has on 3 or more prior occasions, while incarcerated in any facility, brought an action . . . that

was dismissed on the grounds that it was frivolous, malicious or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See 28 U.S.C. §1915(g).

Here, the plaintiff already has had four of his previous civil rights actions dismissed as frivolous and/or failing to state a claim for relief. Moreover, in addition to the bizarre nature of his current allegations, the plaintiff has failed to credibly allege a single fact to substantiate either his claim of theft--the only matter which conceivably could be cognizable on the basis of his allegations, or a finding that he is under imminent danger of serious physical injury. Therefore, the instant Complaint must be **DISMISSED.**

Finally, inasmuch as the plaintiff has demonstrated his intentions to usurp the Court's scarce resources with his baseless legal proceedings, this Court believes that it must take action to protect itself from that behavior. Accordingly, in the future, the plaintiff's rights to file §1983 litigation in this Court will be curtailed as hereafter explained.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's Complaint is **DISMISSED** for its failure to state a constitutional claim for relief. See 28 U.S.C. §1915A(1)(b).

2. From this point forward, the plaintiff is required to submit all proposed Complaints to this Court for pre-filing

review in accordance with 28 U.S.C. §1915(g). In the event the Court does <u>not</u> determine that such Complaint should be entertained because the plaintiff is under imminent danger of serious physical harm, the same shall be returned, unfiled, to the plaintiff.

    3. **One or more attempts to bring a frivolous case in this Court could result in the imposition of monetary sanctions against the plaintiff**.

    **SO ORDERED.**

Signed: September 15, 2006

Graham C. Mullen
United States District Judge